```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

JAMESE VALME,

                         Plaintiffs,
                                              ORDER
            - against -
                                              14-cv-06991(SLT)(MDG)
CITY OF NEW YORK, ET AL.,

                         Defendants.
- - - - - - - - - - - - - - - - - - X
```

Plaintiff has moved for leave to file under seal her motion to conduct her deposition via video conference due to her impecunious situation. Ct. doc. 22. The motion for leave to file deposition under seal is denied, as the moving letter merely discusses the financial difficulties of the plaintiff, without specifying further. Plaintiff previously filed for leave to proceed in forma pauperis and has already revealed much about her financial circumstances.

    With respect to the underlying relief sought, the request that plaintiff's deposition be taken via video conference is granted. Because a plaintiff generally has the ability to choose the forum for her action, there is a presumption that a plaintiff's deposition should ordinarily be held in the forum district where the litigation is pending. See Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 592 (S.D.N.Y. 1994). However, where the plaintiff had no choice in selecting the forum

to litigate, or "if special circumstances are shown, such as hardship or burden to the plaintiff, which outweigh any prejudice to the defendant, the general rule may yield to the exigencies of the particular case." Id.; Ward v. LeClaire, 2008 WL 1797742 at *5 (N.D.N.Y. April 17, 2008).

The plaintiff commenced this action in New York, since the events giving rise to her claims occurred in this district. Venue is proper in this district, and plaintiff is not likely to be able to establish jurisdiction over the New York City officers if she filed in another state. Hartman v. Low Sec. Corr. Inst. Allenwood, 2004 WL 34514, at *2 (S.D.N.Y. Jan. 7, 2004) (since there is no authorization for nationwide service under 42 U.S.C. § 1983, "personal jurisdiction must be established under the laws of the forum state of New York"). Additionally, plaintiff financial circumstances have not improved since she commenced this action and she states she now lives in a shelter. This Court finds that she would be subject to undue financial hardship if required to travel to New York for her deposition. While this Court appreciates the value of being able to conduct a face-to-face deposition, testimony taken by remote means at depositions, and even at trial, are becoming more commonplace. See Usov v. Lazar, 2015 WL 5052497, at *1 (S.D.N.Y. Aug. 25, 2015); Fed. R. Civ. P. 30(b)(4) (providing that the parties may stipulate or the Court may order a deposition to be taken by telephone or other remote means).

For the foregoing reasons, plaintiff's request to conduct her deposition via video conference is granted, provided appropriate measures can be taken to ensure that plaintiff's testimony will be not be subject to influence by her surroundings or presence of other individuals, and to ensure that defendants can clearly and easily observe plaintiff's responses and demeanor. The parties must promptly confer on arrangements for taking plaintiff's deposition in Florida via video conference. Counsel shall conduct the deposition at offices of defendants' counsel or other location near the offices of defense counsel. Plaintiff shall be responsible for paying for the out-of-pocket costs of any arrangements made.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 15, 2016

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE